IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| RURAL WATER DISTRICT NO. 4,<br>DOUGLAS COUNTY, KANSAS, | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| vs. | §<br>§ | Case No. 07-2463-JAR |
| CITY OF EUDORA, KANSAS, | §<br>§<br>§ | |
| Defendant. | § | |

**<u>ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
OF DEFENDANT CITY OF EUDORA, KANSAS</u>**

COMES NOW, defendant, City of Eudora, Kansas ("City") and, in response to the Complaint filed by Rural Water District No. 4, Douglas County, Kansas ("District"), answers as follows:

<u>JURISDICTION</u>

1. Paragraph 1 of the Complaint is denied.

<u>VENUE</u>

2. Paragraph 2 of the Complaint is admitted in that venue is appropriate.

<u>FACTUAL ALLEGATIONS</u>

3. Paragraph 3 of the Complaint is admitted to the extent that the District was created pursuant to Kansas statutes. It is denied, however, that paragraph 3 accurately states the statutory purpose of the District.

4. Paragraph 4 of the Complaint is admitted in part. The City is a Kansas municipality which operates a water system. It is denied, however, that the water system operates "in competition" with the District inasmuch as Kansas statutes do not empower rural water districts to "compete" for water service where another adequate water supply exists. A

1

more accurate statement would be that the City's water system serves markets which would not exist but for the existence and expansion of the City and that the District seeks to use 7 U.S.C. § 1926(b) protection to expand its service area into those markets.

5. Paragraph 5 of the Complaint is admitted in that the District is empowered, pursuant to Kansas statutes, to borrow funds for limited statutory purposes. It is denied, however, that the federally guaranteed debt was incurred for a proper statutory purpose.

6. Paragraph 6 of the Complaint is denied.

7. Denied. Although the City does not deny the legal authority cited in paragraph 7 of the Complaint, plaintiff's attempt to paraphrase the scope and import of 7 U.S.C. § 1926(b) is neither a full, complete nor sufficient summary of the case law interpreting that statute.

8. Denied. It is impossible to admit paragraph 8 because it does not reference or describe the "geographical area" which plaintiff references as "Douglas-4 Territory."

9. Paragraph 9 of the Complaint is denied.

10. Paragraph 10 of the Complaint is denied.

## COUNT ONE

## VIOLATION OF TITLE 42 U.S.C. § 1983

11. The City incorporates by reference its answer to paragraphs 1 through 10 of the Complaint.

12. Denied. Although the City does not deny the existence of the authority cited in paragraph 12 of the Complaint, plaintiff's attempt to paraphrase the case law pertaining to 42 U.S.C. § 1983 is neither a full, complete nor sufficient statement of the law pursuant to that statute.

13. Paragraph 13 of the Complaint is denied.

14. Paragraph 14 of the Complaint is denied.

15. Paragraph 15 of the Complaint is denied.

16. Paragraph 16 of the Complaint is denied.

## COUNT TWO

## DECLARATORY JUDGMENT

17. The City incorporates by reference its answer to paragraphs 1 through 16 of the Complaint.

18. Paragraph 18 of the Complaint is admitted.

19. Paragraph 19 of the Complaint is denied.

20. Paragraph 20 of the Complaint is admitted.

## COUNT THREE

## INJUNCTION

21. The City incorporates by reference its answer to paragraphs 1 through 20 of the Complaint.

22. Paragraph 22 of the Complaint is denied.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted and, therefore, must be dismissed.

2. Plaintiff is not a proper plaintiff with the requisite authority to sue and, therefore, has no standing to sue.

3. Plaintiff's claims are barred by the doctrines of forfeiture, waiver and estoppel.

4. Plaintiff's claims are barred by the applicable statutes of limitation.

CWDOCS 550524v2

4

5. That the debt and corresponding federal guaranty referenced in plaintiff's Complaint are either void or insufficient to confer 1926(b) protection for failure to comply with authorizing state and federal legislation.

6. That a mere federal guaranty does not qualify for 1926(b) protection.

7. That, prior to executing any federal guaranty, the District forfeited any right to claim exclusive water service of its territory as a result of an agreement entered as a condition to the attachment of land in 2003. *See, Exhibit A,* Minutes of Board of County Commissioners, Douglas County, Kansas, on November 24, 2003 attached hereto.

8. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

WHEREFORE, having fully answered all of plaintiff's allegations and offering valid affirmative defenses, defendant City of Eudora, Kansas prays that this Court deny plaintiff the relief it seeks, enter judgment in favor of defendant on all counts of plaintiff's Complaint, and award costs, expenses and attorney's fees, and such other and further relief as the Court deems just and equitable.

## COUNTERCLAIM

COMES NOW, the City of Eudora, Kansas ("City") and for its Counterclaim against Rural Water District No. 4, Douglas County, Kansas ("District"), hereby states and alleges as follows:

1. The City has filed no complaint or petition, issued no subpoena or other process, or taken any other action which could be fairly described as "seeking to compel" the District to

"release" any part of its water service area, either pursuant to K.S.A. § 12-527 or any other state or federal legal authority.

2. There has been no previous legal proceeding in which a Court has determined either that the District is entitled to protection under 7 U.S.C. § 1926(b) or that any particular customer or territory is within the service area of the District.

3. Nonetheless, the District has communicated with potential water customers claiming that the City has "no legal right to serve" said customers and that the District is the exclusive, legally authorized provider of water to the area.

4. The District has, furthermore, publicized this lawsuit and even gone so far as to send a copy of the underlying Complaint to third parties.

5. The District has attempted and continues to attempt to threaten, intimidate and coerce potential water customers to apply for service from the District under the wholly, unestablished claim that 7 U.S.C. § 1926(b) grants the District a monopoly for water service.

6. The Complaint in this case was filed for the improper purpose of coercing third parties to purchase water from the District.

7. As part of the conditions to attachment of additional land permitted by the Douglas County Board of Commissioners in 2003, the District agreed that, upon City annexation, it would surrender annexed territory and seek no compensation for certain assets and "negotiate" fair market value for others. (Ex. A, Minutes of Board of County Commissioners).

8. Representatives of the District sought and obtained endorsement of these attachments of land by the City based upon the conditions and representations stated in Exhibit A. (Ex. A, Minutes of Board of County Commissioners).

9. During the process of attachment in 2003, the District decided to obtain a federally guaranteed loan for the purpose of obtaining 7 U.S.C. § 1926(b) protection to frustrate the conditions and representations made to the City about future annexation during the process of attachment.

10. At no time during the attachment process did any representative of the District convey its intent to obtain 7 U.S.C. § 1926(b) protection against future annexation.

11. The City could not have known of the true intentions of the District by the exercise of reasonable diligence.

12. The District was under an obligation to communicate its intent to obtain 7 U.S.C. § 1926(b) protection through federal loan guarantee.

13. The District intentionally failed to communicate its intention to obtain 7 U.S.C. § 1926(b) protection.

14. The City relied upon the District to communicate the material facts, including its intentions.

15. The City has and continues to have an expectation of a business relationship with potential water customers in annexed areas.

16. The District has intentionally interfered with the City's legitimate expectation of a business relationship with potential water customers.

17. The City has sustained damages as a result of the aforementioned acts of the District.

18. Some or all of the damages sustained by the City are irreparable.

19. The City does not have an adequate remedy at law and injunctive relief is a proper remedy.

CWDOCS 550524v2

20. There exists an actual case or controversy between the parties regarding the right of the District to protection under 7 U.S.C. § 1926(b), if any, and the scope thereof.

WHEREFORE, the City of Eudora respectfully requests that the Court find in its favor and against Rural Water District No. 4, Douglas County, Kansas and enter the following relief:

1. For a declaration that the District is entitled to no protection under 7 U.S.C. § 1926(b) or, in the alternative, a declaration of the scope of that protection;

2. For an order enjoining the District from threatening, coercing or intimidating third parties to obtain water service by virtue of claimed legal rights which are undetermined, exaggerated, overstated or non-existent;

3. For a monetary judgment to recover damages, costs, attorney's fees; and

4. For such other amounts recoverable under state and federal law.

### REQUEST FOR JURY TRIAL

Defendant requests that this action be tried by a jury on all issues so triable.

### DESIGNATION OF PLACE OF TRIAL

Defendant requests that Kansas City, Kansas be designated as the place of trial.

Respectfully submitted:

LATHROP & GAGE L.C.

/s/ Curtis L. Tideman
Curtis L. Tideman, KS# 13433
10851 Mastin Blvd., Suite 1000
Overland Park, KS  66210-1669
913-451-5138   FAX:  913-451-0875
ctideman@lathropgage.com

ATTORNEYS FOR DEFENDANT
CITY OF EUDORA, KANSAS

7

8

CERTIFICATE OF SERVICE

       I hereby certify that on October 30, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

| | |
|---|---|
| John W. Nitcher<br>Riling, Burkhead & Nitcher, Chartered<br>808 Massachusetts Street<br>PO Box B<br>Lawrence, KS  66044<br>jnitcher@rilinglaw.com | Steven M. Harris<br>Michael D. Davis<br>Doyle Harris Davis & Haughey<br>1350 South Boulder, Suite 700<br>Tulsa, OK  74119-3216<br>steve.harris@1926blaw.com<br>mike.davis@1926blaw.com |

                                              /s/ Curtis L. Tideman
                                              Curtis L. Tideman