kaw

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **RURAL WATER DISTRICT NO. 4, DOUGLAS COUNTY, KANSAS** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Case No. 07-2463-JAR** |
| **CITY OF EUDORA, KANSAS,** | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

The Court now considers defendant City of Eudora's Motion to Dismiss Count One (Doc. 22) of plaintiff Rural Water District No. 4's complaint. For the reason set forth in detail below, the motion is granted.

**Background**

Rural Water District No. 4 ("District 4") is a Kansas rural water district that serves residents of rural Douglas County, Kansas. As a result of borrowing money from the Farmer's Home Administration[1], District 4 is protected by 7 U.S.C. § 1926(b), which prohibits a municipality or private entity from curtailing or limiting District 4's water territory or customers.

The City of Eudora ("City") is a municipality. The City has annexed certain property within the territory that District 4 serves customers and in which it supplies water. Under K.S.A. § 12-527, when a municipality annexes territory that is served by a water district, the

[1]Congress authorized the Secretary of Agriculture to make and insure loans to non-profit water associations as a part of the Consolidated Farm and Rural Development Act. As a result, the Secretary formed the Farmer's Home Administration, or as it is currently known, the Rural Utilities Service, a branch of the United States Department of Agriculture, to administer loans to these water associations. *Rural Water Dist. No. 1, Ellsworth County, Kan. v. City of Wilson, Kan.*, 243 F.3d 1263, 1269 (10th Cir. 2001).

municipality is required to negotiate with the water district to acquire title to all the water district's property and begin to service those residents in that territory. If the municipality and the water district are unable to reach an agreement as to the value of the property, then each parties select an appraiser, and the two appraisers must select an independent appraiser to assign the value of the property.[2] If the independent appraiser is unable to value the property, then the value agreed to by the majority of the three appraisers is assigned, or alternatively, the municipality or the water district may institute an action in the district court to resolve the disagreement.[3]

After annexing the property, the City moved to acquire District 4's property pursuant to the statute. District 4 has refused any offer, arguing that it is not governed by § 12-527 because it is protected under 7 U.S.C. § 1926(b). Specifically, District 4 claims that § 1926(b) prohibits any municipality from interfering with its territory and residents. Because District 4 would not agree, the City sent a letter detailing its intent to appoint an appraiser. In that letter, the City explained that it will appoint an appraiser and any inaction by District 4 will be considered as its failure to act according to statute in not selecting an appraiser. Instead of obtaining an appraiser, District 4 filed the current action seeking damages for violation of § 1926(b), declaratory judgment and injunctive relief. District 4 prays for judgment declaring that § 1926(b) preempts § 12-527, for a permanent injunction to prevent the City from selling water within its territory, and for damages for violation of § 1926(b). The City moved for dismissal of Count One, which claims a violation of § 1926(b).

---

[2]K.S.A. § 12-527(a)(1).

[3]*Id.*

**Analysis**

When reviewing a motion to dismiss under Fed. R. Civ. P 12(b)(6), the court accepts all well-pleaded facts as true, and views them in the light most favorable to the plaintiff.[4] Any documents attached to the pleadings are consider a part thereof.[5] Under this standard, a complaint is viable if it "contains 'enough facts to state a claim to relief that is plausible on its face.'"[6] This means that a plaintiff must "'nudge his claim across the line from conceivable to plausible' in order to survive a motion to dismiss."[7] More precisely, plaintiff must show that his claim is more than metaphysically possible by showing that there is a "reasonable likelihood of mustering factual support."[8]

Congress enacted § 1926(b) to protect rural water districts from competition, to encourage the development of the water districts, and to protect its interest by increasing the likelihood that water districts would repay their debts.[9] The section also evidences a mandate by Congress that municipalities or similar entities not compete or encroach on the water district's territory or customers.[10] Section 1926(b) is to be construed broadly,[11] and provides:

---

[4]*Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007).

[5]*Id.*

[6]*Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1969 (2007)).

[7]*Id.* (quoting *Twombly*, 127 S. Ct. at 1969).

[8]*Id.*

[9]*Rural Water Dist. No. 1 Ellsworth County, Kan. v. City of Wilson, Kan.*, 243 F.3d 1263, 1269 (10th Cir. 2001).

[10]*Id.*; *see also Glenpool Util. Serv. Auth. v. Creek County Rural Water Dist. No. 2*, 861 F.2d 1211, 1214 (10th Cir. 1988).

[11]*Rural Water Dist. No. 1*, 243 F.3d at 1269.

> The service provided or made available through any such association shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body, or by the granting of any private franchise for similar service within such area during the term of such loan; nor shall the happening of any such event be the basis of requiring such association to secure any franchise, license, or permit as a condition to continuing to serve the area served by the association at the time of the occurrence of such event.[12]

To properly state a claim under § 1926(b), a water district must show that (1) there was "curtailment or limitation of a service, (2) provided by a covered association, (3) having a continued indebtedness under § 1926(b), and (4) having made service available."[13] Because § 1926(b) does not provide an enabling statute, claims are brought under 42 U.S.C. § 1983.[14] Under § 1983, plaintiff must show that defendant deprived it of some right secured by the Constitution or laws of the United States and that defendant acted under color of law.[15]

The City argues that District No. 4 has failed to properly state a claim for relief because it has not alleged any fact which constitutes "curtailment or limitation of its rights to sell water" under § 1926(b). The City claims that merely stating that the City has "sought to compel" District 4 to sell its property and to allow the City to serve residents in it territory is conclusory and does not reach the point of "curtailment or limitation" as those words are used in the statute. Therefore, any claim by District 4 should be dismissed because there has been no deprivation of rights under § 1983.

---

[12] 7 U.S.C. § 1926(b).

[13] *Scioto County Reg'l Water Dist. No. 1 v. Scioto Water, Inc.*, No. C-1-95-2004, 1995 WL 932093, *5 (S.D. Ohio, Aug. 2, 1995) *aff'd* 103 F.3d 38 (6 th Cir. 1996), *cert. denied*, 521 U.S. 1111 (1997) (citing *Glenpool Unit. Serv. Auth.*, 861 F.2d at 1214). *See also* 7 U.S.C. § 1926(b).

[14] *Rural Water Dist. No. 1 Ellsworth County, Kan.*, 243 F.3d at 1268.

[15] *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1207 (10th Cir. 2005).

District 4 counters, however, that it has plead enough facts to state a claim for relief. District 4 notes that though it has not stated in its complaint that the City has annexed property within District 4's territory, the City has attempted to require District 4 to release certain areas and customers pursuant to § 12-527. District 4 also contends that even if there is no actual curtailment or limitation, threatened curtailment or limitation is enough to bring a claim under § 1926(b).

The Court disagrees that District 4 has properly stated a cause of action under § 1926(b) and that threatened curtailment is enough to state an action under § 1926(b). Section 1926(b) states that "[t]he service provided or made available through any such association shall not be curtailed or limited by *inclusion of the area served by such association within the boundaries of any municipal corporation* . . . ."[16] As such, simply alleging that the City has annexed certain territory of District 4 is enough to state a claim under § 1926(b).[17] Although the City does not contest that it has annexed parts of District 4's territory, it argues that District 4 has wholly neglected to allege that certain territory was annexed. Moreover, the Complaint fails to allege that the City has actually "curtailed or limited" any service provided by District 4 because that fact is simply not alleged. Instead, District 4 contends that the City has "sought to compel" and "attempt[ed] to compel" District 4 to release certain property and customers.

Furthermore, threatened harm is not enough for a claim for damages as asserted by District 4, even though it is enough for declaratory relief. Though this Court has found a number of cases that decide actions for declaratory relief based on threatened harm, it has not found any

---

[16] 7 U.S.C. § 1926(b) (emphasis added).

[17] *Glenpool Util. Serv. Auth.*, 861 F.2d at 1214.

that have granted damages or injunctive relief for threatened harm pursuant to § 1926(b). District 4 mistakenly relies on *Moore Bayou Water Assoc., Inc. v. Town of Jonestown, Mississippi*,[18] for this case does not hold that threatened harm may be actionable other than for declaratory relief.

In *Moore Bayou*, Jonestown annexed a certain area of the water district's territory.[19] Though, Jonestown initially provided residents with other utility services, it did not provide water.[20] The city later decided to provide water, and served the water district with notice of condemnation.[21] The water district then initiated an action in district court asserting a violation of § 1926(b) seeking declaratory and injunctive relief, claiming that the city's intended condemnation violated its rights under § 1926(b).[22] The court concluded that the water district's claim for declaratory and injunctive relief should be granted.[23] However, underlying the water district's claim was that the city annexed its territory, a fact not pled in this case.[24]

In its response to the motion to dismiss, District 4 makes certain allegations, including that the City has annexed its territory, communicated with potential customers, and has

---

[18]628 F. Supp. 1367 (N.D. Miss. 1986).

[19]*Id.* at 1368.

[20]*Id.*

[21]*Id.*

[22]*Id.*

[23]*Id.* at 1370.

[24]District 4 also relies on *Rural Water System No. 1 v. City of Sioux Center, Iowa*, 967 F. Supp. 1483 (N.D. Iowa 1997), for the proposition that threatened harm is enough. However, the second introductory paragraph of that opinion states that the water district "contends the City has violated or is threatening to violate" § 1926(b). *Id.* at 1497. The opinion also finds undisputed the fact that the City of Sioux annexed parts of the water district's territory. *Id*. at 1502. Here, District 4 has neglected to allege any fact that the City has violated § 1926(b).

threatened litigation. However, those allegations are not included in District 4's complaint. Because the Court is not obligated to look elsewhere to find a valid claim,[25] it does not do so in this case, and the motion to dismiss is granted.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion to Dismiss Count One (Doc. 22) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 13th day of March 2008.

S/ Julie A. Robinson

**Julie A. Robinson**
**United States District Judge**

[25]District 4 did not attach any documents to its complaint, though it attached a number of documents to its response to the motion to dismiss.