DJW/bh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**RURAL WATER DISTRICT NO. 4,**
**DOUGLAS COUNTY, KANSAS,**

|  |  |  |
|---|---|---|
| | **Plaintiff,** | **Civil Action** |
| **v.** | | **No. 07-2463-JAR-DJW** |
| **CITY OF EUDORA, KANSAS,** | | |
| | **Defendant.** | |

### <u>MEMORANDUM AND ORDER</u>

Pending before the Court is Plaintiff's Motion for Leave to File First Amended Complaint

(doc. 77).   Plaintiff seeks leave to amend Count I of its Complaint, which arises under 42 U.S.C.

§ 1983.  For the reasons set forth below, the Court grants the Motion.

## I.      Nature of the Matter Before the Court and Background Information

Plaintiff is a Kansas rural water district that serves residents of rural Douglas County,

Kansas. Plaintiff is protected by 7 U.S.C. § 1926(b), which prohibits a municipality or private entity

from curtailing or limiting Plaintiff's water territory or customers.  Defendant is a municipality that

has annexed certain property within the territory in which Plaintiff supplies water to customers.

Under K.S.A. § 12-527, when a municipality annexes territory that is served by a water district, the

municipality is required to negotiate with the water district to acquire title to the water district's

property and to begin to service those residents in that territory.  If the municipality and  the water

district are unable to reach an agreement as to the value of the property, then each party must select

an appraiser, and, in turn, those two appraisers must select an independent appraiser to assign the

value of the property.[1]  If the independent appraiser is unable to value the property, then the value agreed to by the majority of the three appraisers is assigned, or alternatively, the municipality or the water district may institute an action in the district court to resolve the disagreement.[2]

After annexing certain property within Plaintiff's territory, Defendant moved to acquire Plaintiff's property pursuant to K.S.A. 12-527.  Plaintiff refused Defendant's offer, asserting that Plaintiff is not governed by K.S.A. 12-527 because it is protected under 7 U.S.C. § 1926(b). Specifically, Plaintiff claims that § 1926(b) prohibits any municipality from interfering with its territory and residents and that § 1926(b) preempts K.S.A 12-527.   Because Plaintiff would not agree to Defendant's offer, Defendant's counsel sent Plaintiff a letter dated September 18, 2007 detailing Defendant's intent to appoint an appraiser and requesting that Plaintiff select its appraiser. In that letter, Defendant's counsel explained that if Plaintiff did not select its appraiser by October 1, 2007, Defendant would assume that Plaintiff did not intend to comply with K.S.A. 12-527, and Defendant would "proceed to file the appropriate pleadings" to compel Plaintiff's compliance with the statute.[3]

Plaintiff did not obtain an appraiser.  Subsequently, on September 27, 2007, Plaintiff filed the current action.  Plaintiff's Complaint asserted three counts:  (1) a claim under 42 U.S.C. § 1983 seeking damages for Defendant's alleged violation of 7 U.S.C. § 1926(b); (2) a claim seeking a declaratory judgment concerning "the rights and other legal relations of the parties concerning the right of the  City to compel [Plaintiff] to release certain lands and customers and the City's right to

---

[1]K.S.A. 12-527(a)(1).

[2]*Id.*

[3]*See* September 18, 2007 Letter from Def.'s counsel to Pl., attached as Ex. A to Pl.'s Answer to Countercl. (doc.11).

sell water" within Plaintiff's territory[4] and a declaration that K.S.A. 12-527 is preempted by federal law;[5] and  (3) a claim for injunctive relief to enjoin Defendant from selling water within Plaintiff's territory or seeking to compel Plaintiff to release lands or customers to Defendant.[6]

On October 30, 2007, Defendant filed a Counterclaim against Plaintiff alleging that Plaintiff had intentionally interfered with Defendant's expectation of a business relationship with potential water customers.[7]  On November 19, 2007, Plaintiff filed an answer to Defendant's Counterclaim, in which Plaintiff reasserted it claim that Defendant had taken actions that could be described as "seeking to compel" Plaintiff to release a part of its water service area pursuant to K.S.A. 12-527. Plaintiff's Answer alleged that Defendant "had initiated proceedings under KSA § 12-527 to compel [Plaintiff] to release territory and facilities to the Defendant City by annexing territory within [Plaintiff's] geographical boundaries and by its letter dated September 18, 2007."[8]

On January 30, 2008, Defendant moved to dismiss Count I, i.e., Plaintiff's § 1983 claim based on Defendant's alleged violation of 7 U.S.C. § 1926(b).  Defendant argued that Count I failed to state a claim for relief because it did not allege any facts showing a curtailment of limitations of Plaintiff's rights to sell water in violation of § 1926(b).  The Court granted the motion to dismiss on March 13, 2008, holding that "threatened curtailment" as alleged in Plaintiff's Complaint was not

---

[4]Compl. (doc. 1), ¶ 20.

[5]*Id.*, ¶¶ 17-20, and Prayer for Relief, ¶ 2.

[6]*Id.*, ¶¶ 21-22, and Prayer for Relief, ¶ 4.

[7]Def.'s Answer and Countercl. (doc. 8), ¶ 16.

[8]Pl.s' Answer to Countercl. (doc. 11), ¶1.

3

sufficient to state a cause of action for violation of § 1926(b).[9]  The Court also noted Plaintiff's failure to allege that Defendant had annexed certain portions of Plaintiff's territory and failure to allege that Defendant had actually curtailed or limited any service provided by Plaintiff.[10]

Plaintiff now moves to amend its Complaint to cure the noted deficiencies in its Complaint "by including the allegations the Court deemed missing from the original Complaint."[11]  Count I of Plaintiff's proposed Amended Complaint alleges that Defendant's actions "have curtailed and limited the service provided or made available by [Plaintiff] and constitute a continuing threat to further curtail or limit the service provided or made available by [Plaintiff.]"[12]  The proposed Amended Complaint further alleges that Defendant's actions include:  (1) annexing areas within Plaintiff's territory; (2) forcing a sale of Plaintiff's facilities and customers within the annexed areas or requiring Plaintiff to obtain an agreement or permit from Defendant in order to serve such areas; and (3) removing Plaintiff's legal right to serve with the annexed areas.[13]  It also alleges that Plaintiff has suffered actual damages and is in immediate jeopardy of suffering additional damages as a result of Defendant's alleged wrongful acts.[14]

In addition, the proposed Amended Complaint adds factual allegations that Defendant "has communicated to potential customers, such as the owners of the 'Garber Property' and the 'Hospital

---

[9]March 13, 2008 Mem. and Order (doc. 71), pp. 5, 7.

[10]*Id.*

[11]Pls.' Mot. for Leave to File First Am. Compl., p. 5.

[12]Proposed Am. Compl,¶ 17, attached as Ex. 1 to Pls.' Mot. for Leave to File First Am. Compl.

[13]*Id.*, ¶ 18.

[14]*Id.*, ¶ 19.

Property', concerning providing water service, including but not limited to threatening Mr. Garber that if he obtains water service from [Plaintiff], his property might be de-annexed from the City and thus lose other City services and other benefits received by being within the City limits."[15]   The Proposed Amended Complaint asserts that these actions have violated Plaintiff's 7 U.S.C. § 1926(b) rights "by limiting or curtailing the service provided or made available by [Plaintiff] within the annexed areas."[16]

## II.      The Schedule

The deadline for filing motions to amend was January 11, 2008.  At the time Plaintiff filed its motion to amend on March 24, 2008, discovery had already closed (on March 18, 2008).  Also, the pretrial conference was scheduled to take place on April 21, 2008 and the trial was scheduled for November 18, 2008.  As a result of Plaintiff's motion to amend, the Court has continued the pretrial conference and has set a telephone scheduling conference for April 24, 2008.

## III.     Summary of the Parties' Arguments

Defendant opposes Plaintiff's motion to amend for various reasons.  First, Defendant argues that Plaintiff's motion is untimely and that Plaintiff has failed to show excusable neglect that would justify allowing Plaintiff to amend at this stage of the lawsuit.  Second, Defendant asserts that Plaintiff's proposed allegations that Defendant threatened a customer, Doug Garber, with de-annexation of his property if he obtained water service from Plaintiff, are meritless.  Because those allegations have no merit, Defendant maintains that the motion to amend should be denied because (a) Plaintiff has acted in bad faith, and (b) amendment to add the allegations would be futile.  Third,

---

[15]*Id.,* ¶ 12.

[16]*Id.,* ¶ 13.

Defendant argues that it will be prejudiced if Plaintiff is granted leave to amend, as discovery has been conducted — and completed — based upon the limited issues raised in Plaintiff's original Complaint and Plaintiff's Answer to Defendant's Counterclaim.

## IV.    Standard for Granting Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that, after the permissive period, a party may amend its pleadings "only with the opposing party's written consent or the court's leave."[17] Rule 15(a)(2) also states that "[t]he court should freely give leave when justice so requires."[18]  The Supreme Court has held that "this is a mandate . . . to be heeded."[19]

Leave to amend may be denied when the court finds "bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[20]  Amendment is considered futile if the proposed amendment would not withstand a motion to dismiss or if it otherwise fails to state a claim.[21]

The timeliness of the motion to amend may also be considered.  The court may properly refuse leave to amend where the movant has delayed in bringing the motion to amend and the movant provides no adequate explanation for the delay.[22]  In addition, the court may deny leave to

---

[17]Fed. R. Civ. P. 15(a)(2).

[18]*Id.*

[19]*Foman v. Davis,* 371 U.S. 178, 182 (1962).

[20] *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993).

[21]*Lyle v. Commodity Credit Corp.*, 898 F. Supp. 808, 810 (D. Kan. 1995) (citing *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir.1992)).

[22]*Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494-95 (10th Cir. 1995) ("Untimeliness in itself can be a sufficient reason to deny leave to amend, particularly when the movant provides
(continued...)

amend if the movant  knew or should have known of the facts upon which the proposed amendment is based but failed to include the allegations in its original pleading.[23]  In addition, if the motion is filed after the Scheduling Order deadline, as here, the moving party may be called upon to show good cause for allowing the amendment out of time.[24]

"Absent flagrant abuse, bad faith, futility of amendment, or truly inordinate and unexplained delay, prejudice to the opposing party is the key factor in deciding a motion to amend."[25]  Prejudice under Rule 15 means undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the other party.[26]  The party opposing the amendment has the burden of showing prejudice.[27]

---

[22](...continued)
no adequate explanation for the delay.").

[23]*Steinert v. Winn Group, Inc.,* 190 F.R.D. 680, 684 (D. Kan. 2000) (citing *State Distrib., Inc. v. Glenmore Distilleries Co.,* 738 F.2d 405, 416 (10th Cir. 1984)).

[24]*SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990).

[25]*Rubio v. Turner Unified School Dist. No. 202,* 453 F.Supp.2d 1295, 1307 (D. Kan. 2006) (citing *Lange v. Cigna Individual Fin. Servs. Co.*, 759 F.Supp. 764, 769 (D. Kan. 1991)).

[26]*Jones v. Wildgen,* 349 F. Supp. 2d 1358, 1361 (D. Kan. 2004); *Acker v. Burlington N. & Santa Fe R. Co.,* 215 F.R.D. 645, 654  (D. Kan. 2003); *Heslop v. UCB, Inc.*, 175 F. Supp. 2d 1310, 1313 (D. Kan. 2001).

[27]*Acker,* 215 F.R.D. at 654: *Schmitt v. Beverly Health and Rehab. Servs. Inc.*, 993 F.Supp. 1354, 1365 (D. Kan. 1998).

The decision whether to allow a proposed amendment addresses the sound discretion of the court.[28]  In exercising its discretion, the court must keep in mind that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities.[29]

## V.     Discussion

### A.     Untimeliness

Defendant argues that Plaintiff's motion is untimely, as it was filed two months after the January 11, 2008 amendment deadline and Plaintiff has not asserted any good reason for its delay. Defendant further maintains that Plaintiff knew, as early as November 2007 — two months prior to the amendment deadline — about Mr. Garber.  Defendant cites a November 5, 2007 letter from Plaintiff's counsel to Defendant's counsel in which he states that Defendant had "taken steps to provide water service to Mr. Garber."[30]  In addition, Defendant rejects Plaintiff's argument that its motion should be deemed timely because the motion was filed shortly after the Court dismissed Count I on March 13, 2008.  Defendant maintains that the motion to amend "is merely an attempt to circumvent this Court's dismissal of Count One,"[31] and, thus, the timing of the motion in connection with the dismissal is immaterial.

The Court disagrees, and cannot find that the motion should be denied on the basis of untimeliness.  As Plaintiff points out, the proposed allegations regarding Defendant communicating

---

[28]*Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995).

[29]*Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006); *Bradley v. J.E. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004)).

[30]*See* November 5, 2007 Letter from Pl.s' counsel to Def.'s counsel, attached as Ex. 3 to Def.'s Resp. to Mot. for Leave to File First Amend. Compl. (doc. 82).

[31]Def.'s Resp. to Mot. for Leave to File First Amend. Compl. (doc. 82), p.1.

with potential customers such as the owners of the "Garber Property" and the "Hospital Property" are merely evidence to support the claim Plaintiff initially asserted in Count I. Plaintiff's proposed allegations do not create a new cause of action, but only support and flesh out Plaintiff's initial § 1983 claim that Defendant has violated Plaintiff's § 1926(b) by utilizing annexation and K.S.A. 12-257 to compete with Plaintiff and to replace Plaintiff as the water provider within the annexed areas.

Plaintiff filed its motion to amend eleven days after the Court dismissed Count I for failure to state a claim. Plaintiff's proposed amendments merely seek to cure the pleading defects in its original Complaint. The Court finds that Plaintiff had a good faith basis to believe that its original Count I pled a cause of action, and that Plaintiff has met its burden to show good cause for filing the motion to amend when it did. The Court therefore declines to deny the amendment based on untimeliness.

**B.     Futility**

Defendant contends that granting Plaintiff leave to amend would be futile because the proposed new allegations relating to Doug Garber are meritless. As noted above, Plaintiff's proposed Amended Complaint alleges that Defendant "has communicated to potential customers, such as the owners of the 'Garber Property' and the "Hospital Property', concerning providing water service, including but not limited to  threatening Mr. Garber that if he obtains water service from [Plaintiff], his property might be de-annexed from the City and thus lose other City services and other benefits received by being within the City limits."[32] The Proposed Amended Complaint goes

---

[32]Proposed Am. Compl., ¶ 12.

on to assert that these actions have violated Plaintiff's 7 U.S.C. § 1926(b) rights "by limiting or curtailing the service provided or made available by [Plaintiff] within the annexed areas."[33]

Defendant contends that the allegations relating to Mr. Garber have no merit because he testified in his deposition that his decision not to obtain water from Plaintiff did not come about as a result of Defendant threatening to de-annex his property.  Defendant also asserts "[t]he suggestion that the City 'threatened' Mr. Garber is disingenuous."[34]   Defendant, however, fails to explain how Plaintiff's characterization of the City's communications as threats is disingenuous or how Mr. Garber's testimony renders Plaintiff's § 1926(b) claim futile.

A proposed amendment is futile if the claim, as amended, would be subject to dismissal.[35] The burden is on the party asserting that the proposed claim is futile — in this case Defendant — to establish the futility of Plaintiff's proposed amendment.[36]

In determining whether amendment should be denied as futile, the court must analyze a proposed amendment as if it were before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[37]   In doing so, the Court must accept as true all well-pleaded factual allegations and view them in the light most favorable to pleading party, in this case, Plaintiff.[38]   The court must then look to the specific allegations in the complaint to determine whether they plausibly

---

[33]*Id., ¶* 13.

[34]Def.'s Resp. to Mot. For Leave to File First Am. Compl. (doc. 82), p. 4.

[35]*Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

[36]*Pekareck v. Sunbeam Prods*., No. 06-1026-WEB, 2006 WL 1313382, at *3 (D. Kan. May 12, 2006).

[37]*Anderson*, 499 F.3d at 1238.

[38]*Id.*

support a legal claim for relief.[39]  Thus, in this case, the Court may find Plaintiff's proposed amended Count I futile if, viewing the well-pleaded factual allegations in the proposed amended claim as true and in the light most favorable to Plaintiff, the proposed claim does not contain enough facts to state a claim for relief that is plausible on its face.[40]

Applying this standard, the Court does not find Plaintiff's proposed amendments to be futile. Taking the allegations of Plaintiff's proposed amended § 1983 claim as true, and viewing them in the light most favorable to Plaintiff, the Court finds that Plaintiff has pled a cause of action under § 1983 based on Defendant's claimed violation of § 1926(b).  Defendant's arguments regarding whether the City in fact "threatened" Mr. Garber with de-annexation is the type of argument that can be made on motion for summary judgment and not in the context of whether Plaintiff's proposed claim can withstand a Rule 12(b)(6) motion to dismiss.  The same is true with respect to what effect such alleged threats may have had on Mr. Graber's decision to forego purchasing water from Plaintiff.  The Court therefore declines to deny the proposed amendments on the basis of futility.

### C.    Bad Faith

Next, Defendant argues that Plaintiff has acted in bad faith by requesting leave to amend based upon a distortion of Mr. Garber's deposition testimony.  Defendant contends that Plaintiff has improperly alleged not only that Defendant threatened Mr. Garber with de-annexation of his property if he obtained water from Plaintiff but also that this alleged threat resulted in Mr. Garber declining to purchase water from Plaintiff.

---

[39] *Id.*

[40] *See id.*

The Court does not find bad faith on Plaintiff's part.  Mr. Garber testified that he had communications with a representative of Defendant in which it was implied or stated that Defendant might de-annex his property if he purchased his water from Plaintiff.  He also testified that a representative of Defendant had told his lawyer the same thing.  The Court fails to see how Plaintiff's characterization of these communications as "threats" shows bad faith on Plaintiff's part.  Also, the Court is not convinced that Mr. Garber's deposition testimony indicating that the City's communications were not the reason behind his decision to forego purchasing water from Plaintiff necessarily conflicts with Plaintiff's position that Defendant has acted in ways to limit or curtail the service provided by Plaintiff in violation of Plaintiffs rights under 7 U.S.C. § 1926(b).  The Court therefore declines to deny the amendments on the basis of bad faith.

### D.    Prejudice

Finally, Defendant argues that it will be prejudiced if Plaintiff is granted leave to amend, as the deadline for conducting discovery has passed and discovery was conducted only on the limited issues raised in Plaintiff's original Complaint and Plaintiff's statement in its Answer to Defendant's Counterclaim that "Defendant City had initiated proceedings under K.S.A. 12-527 to compel [Plaintiff] to release territory and facilities to the Defendant City by annexing territory within [Plaintiff's] geographical boundaries and by its letter dated September 18, 2007."[41]   Plaintiff counters that the discovery completed to date has encompassed the various issues raised in the proposed amended Count I.

The Court does not find that the scope and nature of this case will be radically altered if Plaintiff is granted leave to amend.  However, to avoid any potential prejudice to Defendant, the

---

[41]Pl.'s Answer to Countercl. (doc. 11, ¶1).

12

Court will reopen discovery and continue the pretrial conference and trial.  The Court has scheduled the case for a telephone schedule conference on April 24, 2008, and the Court will set a new schedule at that conference.

**VI.    Conclusion**

In light of the above, and keeping in mind the Court's preference for making decisions on the merits, rather than on pleading technicalities, the Court believes that the interests of justice are best served by allowing plaintiff to amend its Complaint.  The Court, in its discretion, therefore grants Plaintiff leave to amend its Complaint.  Plaintiff shall file its First Amended Complaint within **five (5) days** of the date of this Order.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (doc. 77) is granted.

**IT IS FURTHER ORDERED** that Plaintiff shall file its First Amended Complaint within **five (5) days** of the date of this Order.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 24th day of April 2008.


s/ David J. Waxse_____
David J. Waxse
U.S. Magistrate Judge


cc:    All counsel and *pro se* parties