kaw

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **RURAL WATER DISTRICT NO. 4,** | ) | |
| **DOUGLAS COUNTY, KANSAS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 07-2463-JAR** |
| | ) | |
| **CITY OF EUDORA, KANSAS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

The Court now considers defendant City of Eudora, Kansas's Objection to Magistrate's Memorandum and Order (Doc. 101).  A detailed background of this action is provided in the Court's previous Orders, which are incorporated by reference here.  For purposes of this Order, a cursory review of the backdrop is all that is required.

Rural Water District No. 4 ("Rural Water") brought this action under 42 U.S.C. § 1983, claiming that the City of Eudora, Kansas ("the City") violated 7 U.S.C. § 1926(b) by curtailing or limiting Rural Water's right to sell water within its territory.  Rural Water also seeks declaratory relief and an injunction against the City to prevent it from the continued deprivation. The City filed a motion to dismiss count one of the Complaint, arguing that Rural Water had failed to state a claim for deprivation under § 1983 because it had not alleged that an actual curtailment had occurred.  The Court granted the City's motion on March 13, 2008.  On March 24, 2008, Rural Water filed a motion to amend its complaint, which was granted by Magistrate Judge Waxse on April 24, 2008.  It is to this Order that the City files its objection.  For the reasons detailed below, the City's objection is overruled.

**Discussion**

The City argues that Magistrate Judge Waxse's Order is clearly erroneous and contrary to law, should be vacated or modified because it is inconsistent with this Court's Order of March 13, 2008, and because it made advisory rulings on issues that were not before Judge Waxse. Rural Water counters that Judge Waxse's Order is neither clearly erroneous or contrary to law. and is not inconsistent because the allegations in the First Amended Complaint merely serve to "flesh out" the claims from the Complaint.

When ruling on a magistrate judge's non-dispositive order, the district court is required to "'defer to the magistrate judge's ruling unless it [was] clearly erroneous or contrary to law.'"[1] "A magistrate's ruling on a motion for leave to file an amended complaint . . . is . . . subject to review under this deferential standard."[2]  Under the clearly erroneous standard, the district court must affirm the magistrate judge's ruling unless it, "'on the entire evidence[,] is left with the definite and firm conviction that a mistake has been committed.'"[3]

### A.     Contrary to Law

Magistrate Judge Waxse's order granting leave to amend is not contrary to law. Generally, leave to amend is "freely given."[4]  "Whether to grant leave to amend is within the

---

[1]*Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (quoting *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997)).

[2]*First Sav. Bank, F.S.B. v. U.S. Bancorp*, 184 F.R.D. 363, 366 (D. Kan. 1998) (citing *Jones v. Hamelman*, 869 F.2d 1023, 1026 (7th Cir. 1989)).

[3]*Allen*, 468 F.3d at 658 (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)).

[4]*Duncan v. Manager, Dept. of Safety, City & County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (citing Fed. R. Civ. P. 15(a)).

discretion of the district court," but "the district court must give a reason for refusal."[5]  "If the delay in amending results in prejudice to the opposing party, denial of the motion is justified."[6] Typically, a party is granted leave to amend unless there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[7]

In this case, Judge Waxse granted Rural Water leave to amend, finding that the new allegations merely serve to "flesh out" the claim in count one.  Judge Waxse also found that Rural Water did not act in bad faith and that the City would not suffer any prejudice, stating that "[t]he Court does not find that the scope and nature of the case will be radically altered if [Rural Water] is granted leave to amend."  In any event, Judge Waxse reopened discovery and continued the pretrial conference to prevent any prejudicial effect.  This Court agrees with Judge Waxse's ruling.  When compared to those cases denying leave to amend, the Court cannot say that Judge Waxse's ruling was contrary to law.[8]  Indeed, the Court has not ruled on summary judgment; in fact, the parties have not even filed briefs.  There is no prejudice to the City if leave to amend is granted because trial is not scheduled until seven months from now in January 2009.

**B.     Clearly Erroneous**

The City argues that Magistrate Judge Waxse's order and this Court's order on the City's

---

[5]*Id.* (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971)).

[6]*Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987)

[7]*Duncan,* 397 F.3d at 1315 (citing *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

[8]*See Contra Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799-800 (10th Cir. 1998) (denying leave to amend some nineteen months after deadline and after court had ruled on summary judgment); *Uselton v. Commercial Lovelace Motor Freight, Inc.*, 940 F.2d 564, 586 (10th Cir. 1991) (denying leave to amend where plaintiff had twice been granted leave to amend, the issues for trial had been set for more than a year, and trial was scheduled to begin in three months).

motion to dismiss are somehow inconsistent.  Specifically, the City states that because this Court did not look outside Rural Water's Complaint for facts tending to show a claim under § 1983, the new allegations that the City communicated with Rural Water's customers and that the City took steps to ensure that Rural Water's customers are provided water from the City are inconsistent with this Court's ruling.

Judge Waxse found no inconsistency, nor does this Court.  This Court stated that it would not look outside Rural Water's Complaint for allegations to round out its claim.  There is no inconsistency if those allegations are then stated in the Amended Complaint merely to flesh out the claims.  Indeed, Judge Waxse's ruling is not inconsistent, but consistent with this Court's ruling, as the First Amended Complaint now "resolves all the deficiencies the Court found in granting the Motion to Dismiss."

The City, however, claims that Rural Water adds more than is necessary to amend its claim.  It claims that Rural Water's added allegations about communications and threats to customers are new theories upon which plaintiff relies to bolster its claim.  The City insists that if Rural Water is permitted to amend its claim, it should only be able to plead that the City has annexed certain properties.  The Court disagrees.  Judge Waxse saw those claims as simply allegations of fact yet to be proved.  Thus, the new allegations are not new theories, but allegations on which a single theory rests–that is the City violated 7 U.S.C. § 1926(b).

The City also argues that Judge Waxse made advisory rulings not presented by both parties, stating that the court's findings that Rural Water acted in good faith and that the Amended Complaint could withstand a motion to dismiss under 12(b)(6) were not required.  The Court again disagrees.

4

When evaluating a motion for leave to amend, the court is advised to consider whether the moving party acted in bad faith.[9]  In this case, Judge Waxse found that even though Rural Water characterized the allegations as "threats," that was not bad faith on the part of plaintiff. But the City argues that Rural Water acted in bad faith because the City, upon receiving the original Complaint, sent a letter advising Rural Water that the Complaint would not stand up to a Rule 12(b)(6) motion to dismiss.  The City now argues that Rural Water's failure to amend its Complaint then, instead of some two months after the deadline, is bad faith.  Rural Water's failure to act upon the City's analysis of the original Complaint, however, is not evidence of its bad faith; Rural Water was entitled to rely on the court to resolve the parties' different views on the sufficiency of the Complaint.

Finally, the City argues that Judge Waxse determined an issue not before the court. Determining whether a proposed amendment is futile, however, requires an analysis under Rule 12(b)(6);[10] thus, the City's argument that Judge Waxse rendered an advisory opinion when he ruled that the Amended Complaint could withstand a 12(b)(6) motion is unpersuasive.

**IT IS THEREFORE ORDERED** that Defendant City of Eudora, Kansas's Objection to Magistrate's Memorandum and Order (Doc. 101) is Overruled.

**IT IS SO ORDERED.**

Dated this 16th day of July 2008

S/ Julie A. Robinson

---

[9]*See Frank* , 3 F.3d at 1365 (noting that the court must analyze whether the moving party acted in bad faith).

[10]*See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (noting that "[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal.").

5

Julie A. Robinson
United States District Judge