DJW/2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**RURAL WATER DISTRICT NO. 4,**
**DOUGLAS COUNTY, KANSAS,**

**Plaintiff,**

**v.**

**CITY OF EUDORA, KANSAS,**

**Defendant.**

**CIVIL ACTION**

**No. 07-2463-JAR-DJW**

**MEMORANDUM AND ORDER**

Pending before the Court is Defendant's Motion to Compel Discovery (doc. 163). The Motion has been fully briefed and is now ripe for decision. For the reasons set forth below, the Motion is granted in part and denied in part.

## I. BACKGROUND

On June 13, 2008, Defendant served its First Request for Production of Documents and Second Set of Interrogatories to Plaintiff.[1] On July 14, 2008, Plaintiff provided its answers, responses and objections to Defendant's discovery requests.[2] Generally speaking, while Plaintiff asserted some boilerplate objections to Document Request Nos. 1 through 15 of Defendant's First Request for Production of Documents, it also promised to produce responsive documents not already produced to Defendant in Plaintiff's Rule 26 disclosures, pursuant to prior discovery requests, or produced as a marked exhibit. Plaintiff objected to Interrogatory No. 1 of Defendant's Second Set of Interrogatories on the grounds that it sought information outside the scope of the discovery

---

[1] *See* Notice of Service of Written Disc. (doc. 131).

[2] *See* Notice of Service of Pl.'s Responses to Def.'s First Set of Requests for Produc. of Docs. (doc. 138); Notice of Service of Pl.'s Answers to Def.'s Second Set of Interrogs. (doc. 139).

permitted by the Court in its April 29, 2008 Amended Scheduling Order (doc. 97). Plaintiff also objected to Interrogatory No. 1 on the grounds that it seeks discovery related to a motion that has not been filed and, thus, it seeks discovery on issues not before the Court.

Defendant then filed this Motion on August 13, 2008, seeking to compel full and complete responses from Plaintiff to Document Request Nos. 1 through 15 and to Interrogatory No. 1.

## II. CONFERENCE REQUIREMENTS

Before considering the merits of Defendant's Motion, the Court must determine whether Defendant has complied with the conference requirements of the Federal Rules of Civil Procedure and the Rules of Practice and Procedure for the United States District Court for the District of Kansas.

Fed. R. Civ. P. 37(a)(1) provides, in pertinent part, "[A] party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[3] Thus, under Fed. R. Civ. P. 37, the movant is required "to make a good faith attempt to resolve the discovery dispute[] before filing a motion to compel discovery responses."[4]

Similarly, D. Kan. Rule 37.2 requires counsel for the movant to confer or make a "reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the

---

[3] Fed. R. Civ. P. 37(a)(1).

[4] *Lohmann & Rauscher, Inc. v. YKK (U.S.A.), Inc.*, Civ. A. No. 05-2369-JWL, 2007 WL 677726, at *2 (D. Kan. Mar. 2, 2007).

motion."[5] D. Kan. Rule 37.2 makes it clear that "[a] 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[6] D. Kan. Rule 37.2 goes on to explain that the certification required by Fed. R. Civ. P. 37 and D. Kan. Rule 37.2 "shall describe with particularity the steps taken by all counsel to resolve the issues in dispute."[7]

Defendant claims that the conference requirements have been satisfied. The Court has reviewed the Certification of Efforts to Informally Resolve Discovery Dispute (doc. 163-6), which states that counsel for Defendant "discussed" the discovery dispute with Plaintiff's counsel, and that Defendant's counsel "inquired as to supplementation of the subject discovery but have received no additional information from Plaintiff." The Court finds that while this certification could certainly contain a more detailed description of the steps taken by all counsel to resolve the issues in dispute, it appears to the Court that the minimum conference requirements were satisfied. Thus, the Court will address the merits of Defendant's Motion.

## III. DOCUMENT REQUESTS

Defendant's Motion seeks an order compelling Plaintiff to "provide full and complete responses to" Document Request Nos. 1 through 15.[8] Defendant claims that it requested unredacted copies of "multiple documents" and instead of producing any of the requested unredacted

---

[5] D. Kan. Rule 37.2.

[6] *Id.*

[7] *Id.*

[8] *See* Def.'s Mot. to Compel Disc. (doc. 163), 1.

documents, "Plaintiff asserted blanket objections to [the] document requests."[9] However, Defendant's Motion overgeneralizes its document requests and Plaintiff's responses thereto. The Court has reviewed Document Request Nos. 1 through 15 of Defendant's First Request for Production of Documents (doc. 163-4). It appears to the Court that only Document Request Nos. 1 through 6 ask for unredacted documents. It also appears that Plaintiff did not simply assert blanket objections to Document Request Nos. 1 through 15. Thus, the Court will address each of the document requests and Plaintiff's responses in turn.

**A. Document Request No. 1**

Document Request No. 1 seeks "[u]nredacted copies of all Administrator's Reports to the Board of Rural Water District No. 4 authored by Scott Schultz since 2001."[10] The Court notes that Plaintiff's answer to Document Request No. 1 is slightly confusing because Plaintiff first states that it "*will produce* administrator reports less and except those portions for which the [P]laintiff claims attorney client privilege" and then Plaintiff finishes its response by stating, "All administrator reports responsive to this request (less and except portions for which attorney client privilege has been claims) *have already been produced* to the [D]efendant."[11] Further, Plaintiff's response to Defendant's Motion does not state whether or not there are any documents responsive to Document Request No. 1 that Plaintiff still must produce to Defendant. Rather, Plaintiff states that after it

---

[9] *See id.*, 1-2.

[10] City of Eudora, Kansas' First Request for Production of Docs. to Rural Water District No. 4, Douglas County, Kansas (doc. 163-2), at ¶ 1.

[11] Pl.'s Responses to Def.'s First Set of Requests for Produc. of Docs. (doc. 163-4), 2 (emphasis added).

provided Defendant with its answers to Defendant's first set of requests for production of documents, Plaintiff notified Defendant and informed Defendant that it was searching for "documents to determine if there were any additional documents that had not already been produced."[12] Therefore, it is not clear whether or not there are any documents responsive to Document Request No. 1 that Plaintiff has not yet produced to Defendant.

In its response to Defendant's Motion, Plaintiff also argues that Defendant's Motion, insofar as it seeks to compel documents responsive to Document Request No. 1, is untimely. Thus, considering both Plaintiff's answers and objections to Document Request No. 1 and Plaintiff's response to Defendant's Motion, it appears to the Court that Plaintiff has three objections to Document Request No. 1 (the second and third of which conflict with one another): (1) the portion of the Motion seeking to compel documents responsive to Document Request No. 1 is untimely; (2) the Administrator's Reports have already been produced and properly redacted based on attorney-client privilege; and (3) Plaintiff will produce any additional Administrator's Reports not already produced, and will redact the portions of those reports that are protected by the attorney-client privilege.

**1. Timeliness**

According to Plaintiff, it produced redacted Administrator's Reports pursuant to Fed. R. Civ. P. 26 in October 2007, and these redacted documents were later discussed by Defendant's counsel

---

[12] Pl.'s (Rural Water District No. 4, Douglas County, Kansas) Resp. to Def.'s (City of Eudora) Mot. to Compel (doc. 172), 2.

with a witness during a deposition in January 2008.[13] According to Plaintiff, during the deposition Defendant's counsel asked whether portions of the Administrator's Reports were redacted pursuant to the attorney-client privilege, and the witness answered "yes."[14] Thus, Plaintiff claims that it was clear that Plaintiff was objecting to the production of portions of the Administrator's Reports on the grounds of attorney-client privilege in January 2008.[15] Plaintiff therefore argues that any motion to compel production of unredacted copies of the Administrator's Reports should have been filed months ago, and that Defendant's Document Request No. 1 is simply an attempt "to re-start the 30-day clock."[16]

The Court is not persuaded by Plaintiff's argument. Plaintiff produced certain redacted Administrator's Reports to Defendant as part of its Rule 26 disclosures. Under Fed. R. Civ. P. 26(a), the parties are required to exchange initial disclosures, including "a copy - *or* a description by category and location - of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."[17] While Fed. R. Civ. P. 26(a) *allows* initial disclosures to be made by producing copies of relevant documents, the rule does not require either party to actually produce copies of

---

[13] *See id.*, 3.

[14] *See id.*

[15] *See id.*

[16] *Id.*, 4. Plaintiff relies on D. Kan. Rule. 37.1 which provides, "Any motion to compel discovery . . . shall be filed and served within 30 days of the default or service of the response, answer or objection which is the subject of the motion . . .."

[17] Fed. R. Civ. P. 26(a)(1)(A) (emphasis added).

documents.[18] A party may opt to provide a description of the documents by category and location. Plaintiff, therefore, was not required to provide Defendant with unredacted copies of the Administrator's Reports. Plaintiff could simply have provided Defendant with a description or categorization of the Administrator's Reports. Consequently, Defendant could not compel production of unredacted Administrator's Reports until it asked for these documents in Document Request No. 1.

D. Kan. Rule 37.1 requires a motion to compel discovery to be filed and served within 30 days of the default or service of the response, answer or objection.[19] Defendant filed and served its Motion within 30 days of the date that Plaintiff served Defendant with its responses and objections to Defendant's First Request for Production of Documents (including Document Request No. 1). Thus, the Court finds that Defendant's Motion seeking to compel documents responsive to Document Request No. 1 was timely filed as required by D. Kan. Rule 37.1.

**2. Administrator's Reports Produced and Properly Redacted Based on Attorney-Client Privilege**

Plaintiff's response to Document Request No. 1 states that "[a]ll administrator reports responsive to this request (less and except portion for which attorney client privilege has been claimed) have already been produced to the [D]efendant."[20] In addition, in its response to Defendant's Motion, Plaintiff argues that it produced Administrator's Reports in October 2007,

---

[18] *See Comas v. United Telephone Co. of Kan.*, Civ. A. No. 94-2376-GTV, 1995 WL 476691, at * 2 (D. Kan. Aug. 10, 1995).

[19] *See* D. Kan. Rule 37.1.

[20] Pl.'s Responses to Def.'s First Set of Requests for Produc. of Docs. (doc. 163-4), 2.

which were properly redacted to protect attorney-client communications.[21] Plaintiff insists that no privilege log is necessary because the Administrator's Reports were produced, with only the portions protected by the attorney-client privilege redacted.[22]

Defendant, on the other hand, claims that Plaintiff "has withheld unredacted Administrator's Reports,"[23] and that Plaintiff has deprived Defendant of the opportunity to verify whether the communications are in fact privileged by failing to provide Defendant with a privilege log regarding redacted portions of all requested documents, including Administrator's Reports.[24]

Under Fed. R. Civ. P. 26(b)(5), "When a party withholds information otherwise discoverable by claiming that the information is privileged . . . the party must . . . describe the nature of the documents, communications, or tangible things not produced . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Even though Plaintiff only redacted the portions of the Administrator's Reports that it claims are protected by the attorney-client privilege, Plaintiff is still responsible for adequately describing the nature of the communications redacted on the basis of the attorney-client privilege so that Defendant has an opportunity to assess this claim of attorney-client privilege. Without this adequate description, Defendant cannot determine whether or not it should challenge Plaintiff's assertion of the attorney-

---

[21] *See* Pl.'s (Rural Water District No. 4, Douglas County, Kansas) Resp. to Def.'s (City of Eudora) Mot. to Compel Disc. (doc. 172), 4.

[22] *See id.*

[23] Def.'s Mot. to Compel Disc. (doc. 163), 2.

[24] *See* Reply Suggestions in Supp. of Mot. to Compel Disc. (doc 184), 3.

client privilege, and the Court cannot determine whether or not the documents were properly redacted to preserve the attorney-client privilege.

The Court therefore grants in part and denies in part Defendant's Motion to compel Plaintiff to produce unredacted documents responsive to Document Request No. 1. The Court orders Plaintiff to provide Defendant with a privilege log that adequately describes the nature of the redacted portions of the Administrator's Reports so that Defendant can assess Plaintiff's claim of attorney-client privilege. The privilege log should at least provide the following information about the redacted information or the document(s) withheld (if any): (1) a description of the redacted information or document; (2) date prepared or date notations made; (3) date of the document if different from #2; (4) who prepared the document, the redacted information, or made the notations on the document; (5) for whom the document or redacted information was prepared and to whom the document and redacted information was directed; (6) purpose of preparing the document, preparing the redacted information, or making the notations; (7) number of pages of each document withheld (if any); and (8) basis for withholding discovery.[25]

In addition, to the extent that Defendant's Motion seeks to compel Plaintiff to produce additional documents responsive to Document Request No. 1, the Court notes that according to Plaintiff, documents responsive to Document Request No. 1 have already been produced to Defendant. While the Court cannot order Plaintiff to produce documents that do not exist, it is not clear to the Court that these documents have already been produced. As explained above, Plaintiff's response to Document Request No. 1, is confusing and unclear. Accordingly, the Court orders

[25] *See Simmons Foods, Inc. v. Willis*, No. 97-4192-RDR, 2000 WL 204270, at *5 (D. Kan. Feb. 8, 2000).

Plaintiff to produce all additional unredacted documents responsive to Document Request No. 1, as well as an appropriate privilege log if necessary, within 10 days of the date of the filing of this Order. If there are no other documents responsive to Document Request No. 1, then Plaintiff shall affirmatively state this in its response.

**3. Plaintiff will Produce Any Additional Administrator's Reports**

Plaintiff's response to Document Request No. 1 promised to provide Defendant with documents responsive to Document Request No. 1 that Plaintiff had not yet provided to Defendant. As set forth in detail above, it is not clear to the Court whether these documents have been produced to Defendant yet. Thus, the Court orders Plaintiff to produce all additional unredacted documents responsive to Document Request No. 1, as well as an appropriate privilege log if necessary, within 10 days of the date of the filing of this Order. If there are no other documents responsive to Document Request No. 1, then Plaintiff shall affirmatively state this in its response.

**B. Document Request Nos. 2 - 6**

Document Request Nos. 2 through 6 seek unredacted copies of several documents, including Policies and Procedures, bylaws, meeting minutes, meeting agendas, and newsletters. In response to each of these document requests, Plaintiff wrote,

> Subject to the above stated objections, documents responsive to this request, to the extent such documents exist and are within the care, custody or control of the [P]laintiff, and not already produced pursuant to Rule 26 disclosures or responsive to prior discovery requests or produced as a marked exhibit, will be produced. Any materials for which attorney client privilege is claimed, will be identified on a log of any document or portion of a document withheld.

In its response to Defendant's Motion, Plaintiff claims that after providing Defendant with its responses to Defendant's Document Request Nos. 2 through 6, Plaintiff notified Defendant that

it was searching for documents to determine if there were any additional documents that had not been previously produced.[26] Defendant claims that its counsel contacted Plaintiff's counsel numerous times inquiring as to whether or not Plaintiff was going to supplement their responses to Defendant's document requests.[27] Defendant claims that it never received any additional documents from Plaintiff.[28]

The Court finds that it is not clear whether or not there are any documents responsive to Document Request Nos. 2 through 6 that Plaintiff still must produce to Defendant. Accordingly, the Court grants in part Defendant's Motion to compel Plaintiff to produce unredacted documents responsive to Document Request No. 2 through 6 and orders Plaintiff to produce to Defendant all unredacted documents responsive to Document Request Nos. 2 through 6 within 10 days of the date of the filing of this Order. However, the Court denies in part Defendant's Motion and will allow Plaintiff to redact information Plaintiff claims is privileged. If Plaintiff redacts any information or withholds any document based on privilege, Plaintiff must also provide Defendant with an appropriate privilege log, described in detail above, which adequately explains the redacted information or withheld documents within 10 days of the date of the filing of this Order. If there are no other documents responsive to Document Request Nos. 2 through 6, then Plaintiff shall affirmatively state this in its response.

---

[26] *See* Pl's (Rural Water District No. 4, Douglas County, Kansas) Resp. to Def.'s (City of Eudora) Mot. to Compel Disc. (doc. 172), 2.

[27] *See* Reply Suggestions in Supp. of Mot. to Compel Disc. (doc. 184), 2.

[28] *See id.*

**C. Document Request Nos. 7 - 15**

Document Request Nos. 7 through 15 seek several documents, including any document Plaintiff claims constitutes notice to Defendant that Plaintiff intended to seek the protection of 7 U.S.C. § 1926(b), documents evidencing written direction to prepare an order reflecting the action of the Douglas County Board of Commissioners, and any written "public record" referenced in paragraph number 21 of Plaintiff's Answer to Counterclaim.[29] In response to each of these document requests, Plaintiff promised to produce responsive documents that were not already produced, and promised to provide Defendant with a privilege log for material for which Plaintiff claimed was protected by the attorney-client privilege. In addition, in Plaintiff's response to Defendant's Motion, Plaintiff claims that after it provided Defendant with its responses to Document Request Nos. 7 through 15, Plaintiff notified Defendant that it was searching for documents to determine if there were any additional documents that had not been previously produced.[30] Defendant claims that although Plaintiff's counsel advised that there were some additional documents, Defendant never received these additional documents.[31]

The Court finds that it is not clear whether or not there are any documents responsive to Document Request Nos. 7 through 15 that Plaintiff still must produce to Defendant. Accordingly, the Court grants in part and denies in part Defendant's Motion to compel unredacted documents responsive to Document Request Nos. 7 through 15. Defendant's Document Request Nos. 7 through

---

[29] *See* City of Eudora, Kansas' First Request for Production of Docs. to Rural Water District No. 4, Douglas County, Kansas (doc. 163-2), at ¶¶ 7-15.

[30] *See* Pl's (Rural Water District No. 4, Douglas County, Kansas) Resp. to Def.'s (City of Eudora) Mot. to Compel Disc. (doc. 172), 2.

[31] *See* Reply Suggestions in Supp. of Mot. to Compel Disc. (doc. 184), 2.

15 do not request "unredacted documents," and, therefore the Court will not order Plaintiff to produce unredacted documents. Instead, the Court orders Plaintiff to produce all documents responsive to Document Request Nos. 7 through 15, as well as, if necessary, an appropriate privilege log which explains redacted information or withheld documents, within 10 days of the date of the filing of this Order. If there are no other documents responsive to Document Request Nos. 7 through 15, then Plaintiff shall affirmatively state this in its response.

## IV. INTERROGATORY NO. 1

Interrogatory No. 1 asks Plaintiff to "identify the principal and material facts and legal conclusions supporting the allegations made in paragraph 6 of the Motion for Rule 11 Sanctions attached hereto as Exhibit 'A'."[32] Plaintiff objects to Interrogatory No. 1 on the grounds that it exceeds the scope of the Court's April 29, 2008 Amended Scheduling Order (doc. 97) extending the discovery deadline. In addition, Plaintiff argues that Interrogatory No. 1 seeks discovery related to a "draft motion that has never been filed" and, therefore, Interrogatory No. 1 "seeks discovery relative to issues that are not before the Court."[33]

### A. Scope of Amended Scheduling Order

Plaintiff argues that Interrogatory No. 1 seeks discovery outside the scope of the Court's Amended Scheduling Order (doc. 97) entered on April 29, 2008. The Amended Scheduling Order

[32] City of Eudora, Kansas' Second Set of Interrogs. to Rural Water District No. 4, Douglas County, Kansas (doc. 163-3), at ¶ 1.

[33] Pl's (Rural Water District No. 4, Douglas County, Kansas) Resp. to Def.'s (City of Eudora) Mot. to Compel Disc. (doc. 172), 4-5.

permitted "[d]iscovery on the new allegations in the amended complaint."[34] Plaintiff argues that Interrogatory No. 1, which seeks information regarding paragraph 6 of Plaintiff's draft Rule 11 motion, exceeds the narrow scope of the discovery permitted by the Amended Scheduling Order.

The Court is not persuaded by Plaintiff's argument. Interrogatory No. 1 asks for the principal and material facts and legal conclusions supporting the allegations made in paragraph 6 of Plaintiff's draft Rule 11 motion. Paragraph 6 of Plaintiff's draft Rule 11 motion alleges that several paragraphs in Defendant's Counterclaim lack a legitimate factual basis, and that Defendant's denials of certain paragraphs of the First Amended Complaint are frivolous. The Court finds that information related to Defendant's Counterclaim and Answer to the First Amended Complaint is within the scope of the discovery permitted by the Amended Scheduling Order. Thus, the Court finds that Interrogatory No. 1, which ultimately seeks information related to Defendant's Counterclaim and Answer to the First Amended Complaint, is within the scope of discovery permitted by the Amended Scheduling Order.

**B. Draft Rule 11 Motion**

Plaintiff's second argument appears to be that Interrogatory No. 1 is objectionable because it seeks information related to an unfiled draft Rule 11 motion and, therefore, it "seeks discovery relative to issues that are not before the Court."[35] The Court is not persuaded by this argument. Fed. R. Civ. P. 26(b), allows the parties to "obtain discovery regarding any nonprivileged matter that is

[34] Am. Scheduling Order (doc. 97).

[35] Pl's (Rural Water District No. 4, Douglas County, Kansas) Resp. to Def.'s (City of Eudora) Mot. to Compel Disc. (doc. 172), 5.

relevant to any party's claim or defense . . ..” Pursuant to Fed. R. Civ. P. 11, Plaintiff served a motion for sanctions on Defendant before filing the motion with the Court, thereby giving Defendant 21 days to withdraw or correct the "challenged paper, claim, defense, contention or denial."[36] The substance of Plaintiff's draft Rule 11 motion, specifically paragraph 6 which alleges that certain paragraphs of Defendant's Counterclaim lack any legitimate factual basis and that certain paragraphs of Defendant's Answer to the First Amended Complaint are frivolous, is directly relevant to Defendant's claims and defenses in this case. Thus, the Court finds that Interrogatory No. 1 seeks discovery permitted by Fed. R. Civ. P. 26(b). The Court will therefore grant Defendant's Motion to Compel Interrogatory No. 1.

## V. EXPENSES

Under Fed. R. Civ. P. 37(a)(5)(C), if a motion to compel discovery is "granted in part and denied in part, the court may . . . after giving an opportunity to be heard, apportion the reasonable expenses for the motion." The Court finds that in this case it is appropriate to have each party bear their own expenses incurred in connection with the Motion.

## VI. CONCLUSION

For the reasons set forth above, the Defendant's Motion to Compel Discovery (doc. 163) is granted in part and denied in part.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Discovery (doc. 163) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that **within 10 days** of the date of the filing of this Order,

---

[36] Fed. R. Civ. P. 11(c)(2).

Plaintiff shall provide Defendant with a privilege log that adequately describes the nature of the redacted portions of the Administrator's Reports already produced to Defendant so that Defendant can assess Plaintiff's claim of attorney-client privilege. Any privilege log required by this Order should at least provide the following information about the redacted information or the document(s) withheld (if any): (1) a description of the redacted information or document; (2) date prepared or date notations made; (3) date of the document if different from #2; (4) who prepared the document, the redacted information, or made the notations on the document; (5) for whom the document or redacted information was prepared and to whom the document and redacted information was directed; (6) purpose of preparing the document, preparing the redacted information, or making the notations; (7) number of pages of each document withheld (if any); and (8) basis for withholding discovery.

**IT IS FURTHER ORDERED** that **within 10 days** of the date of the filing of this Order, Plaintiff shall produce to Defendant all documents responsive to Document Request No. 1. Such production shall take place at the offices of Defendant's counsel or at any other location agreed upon by the parties. If Plaintiff redacts any information or withholds any document based on privilege, Plaintiff must provide Defendant with an appropriate privilege log which adequately explains the redacted information or withheld documents. If there are no other documents responsive to Document Request No. 1, then Plaintiff shall affirmatively state this in its response.

**IT IS FURTHER ORDERED** that **within 10 days** of the date of the filing of this Order, Plaintiff shall produce to Defendant all documents responsive to Document Request Nos. 2 through 15. Such production shall take place at the offices of Defendant's counsel or at any other location agreed upon by the parties. If Plaintiff redacts any information or withholds any document based

on privilege, Plaintiff must provide Defendant with an appropriate privilege log which adequately explains the redacted information or withheld documents. If there are no other documents responsive to Document Request Nos. 2 through 15, then Plaintiff shall affirmatively state this in its response.

**IT IS FURTHER ORDERED** that **within 10 days** of the date of the filing of this Order, Plaintiff shall answer Interrogatory No. 1.

**IT IS FURTHER ORDERED** that each party shall bear their own expenses incurred in connection with the Motion.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 10th day of December 2008.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and *pro se* parties