kaw

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RURAL WATER DISTRICT NO. 4, ) <br> DOUGLAS COUNTY, KANSAS ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CITY OF EUDORA, KANSAS, ) <br> ) <br> Defendant. ) <br> ) | Case No. 07-2463-JAR |

## MEMORANDUM AND ORDER

Before the Court is Rural Water District No. 4, Douglas County, Kansas' Motion for Rule 11 Sanctions (Doc. 303). The Court has reviewed the motion and responses and is ready to rule. For the reasons stated in more detail below, plaintiff's motion is denied.

**Factual Basis**

Plaintiff moves for Rule 11 sanctions against defendant City of Eudora, Kansas, arguing that defendant filed its counterclaim with no legitimate factual basis upon which to rely. Plaintiff claims that the defendant acted in bad faith in making the allegations contained in its counterclaim and failed to account for uncontroverted evidence in the record that rebuffed defendant's version of the events leading to this case. Additionally, plaintiff claims that defendant denied the allegations plaintiff made in its complaint without first making a reasonable inquiry into the validity of the charges outlined in paragraphs 8-11.

The statements at issue are factual contentions from defendant's answer and counterclaim (Doc. 105). In paragraph 8 of its answer defendant denied reference to "Douglas-4 Territory" as the geographical territory of plaintiff. In paragraph 9 of its answer, defendant denied that there

were annexations in plaintiff's territory.  In paragraph 10, defendant denied that once annexation occurred, plaintiff's territory was curtailed.  In paragraph 11, defendant denied that it sought to compel plaintiff to release its territory pursuant to K.S.A. § 12-527.  In paragraph 12, defendant denied that it had contacted customers of plaintiff, including Garber and the Lawrence Memorial Hospital to inquire about providing water service.  In paragraph 13, defendant denied that it violated plaintiff's rights under 7 U.S.C. § 1926(b).  Finally, plaintiff essentially objects to defendant's factual allegations in its counterclaim.

**Discussion**

Rule 11 of the Federal Rules of Civil Procedure provides:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.  If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation . . . .[1]

In deciding whether to impose sanctions, a district court employs an objective standard; the question is whether a reasonable and competent attorney would believe in the merit of an

---

[1] Fed. R. Civ. P. 11.

argument.[2]  Additionally, whether to grant sanctions is within the court's discretion.[3]  Rule 11 sanctions punish an attorney for filing false or misleading pleadings with the court; it ensures that an attorney abides by his duty as an officer of the court and conducts a reasonable inquiry into any fact alleged or denied.[4]

Defendant argues that sanctions are not appropriate because plaintiff failed to observe the procedures outlined in Rule 11.  Specifically, defendant states that plaintiff neglected to give notice and a reasonable opportunity to respond.  Rule 11 requires a moving party to file a notice of intent to move for Rule 11 sanctions.  It also requires that the moving party give the opposition 21 days to withdraw or correct the offensive pleading.[5]  Defendant claims that although plaintiff gave it notice of the motion to file for sanctions on June 11, 2008, it did not file the motion for sanctions until the eve of trial, almost one year later.  By that time, defendant had voluntarily dismissed the allegedly offending pleading and counterclaim.

In the Court's view, defendant makes a valid point.  Plaintiff waited almost a year after serving defendant with the notice to file for sanctions.  And even though there is no outer limit to the amount of time that may be offered to an offending party to correct the pleadings, here, there can be no question that the offending pleading was voluntarily dismissed long before plaintiff asserted its position before the Court.[6]

---

[2]*Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1155 (10th Cir. 1991) (citations omitted).

[3]*Coffey v. Healthtrust, Inc.*, 1 F.3d 1101, 1104 (10th Cir. 1993).

[4]*Id.*

[5]Fed. R. Civ. P. 11(c).

[6]The allegedly offending pleading was voluntarily dismissed on September 3, 2008, but the motion for stanchions was filed on May 4, 2009.

3

Morever, upon review of the substance of plaintiff's allegations, the Court does not find that sanctions are warranted. Although defendant could have conceded the fact that "Douglas-4 Territory" was a reference to plaintiff's service area, the determination of plaintiff's service area was based in part on certain legal standards; and defendant reasonably placed the onus on plaintiff to prove its case. Furthermore, the fact that defendant later did not challenge the scope of the service area, or reference to "Douglas-4 territory" does not mean that defendant acted unreasonably a year prior when the answer to the complaint was filed. The same can be said about the remaining allegations. Denying that it offered water to Garber and the Lawrence Memorial Hospital, was within the scope of disputed facts underlying what constituted curtailment under 7 U.S.C. § 1926(b). And although there was some evidence that defendant offered water to the Garber property and the Lawrence Memorial Hospital, offering water alone was not illegal under the statute. Additionally, denying that it sought to compel plaintiff to release its territory under K.S.A. § 12-527 was not a frivolous allegation. Defendant had reasonable legal grounds to make the argument.

Finally, plaintiff asserts that defendant's allegations in its counterclaim are sanctionable because defendant presented no evidence on those issues at trial. But, because the counterclaim was voluntarily dismissed prior to trial, the defendant had no reason to present evidence on those issues at trial. Furthermore, by the time of trial, parties are permitted to follow through with their strategy of the case in any fashion under court rules. Based on the foregoing, plaintiff's motion for sanctions is denied.

IT IS THEREFORE ORDERED THAT plaintiff's Motion for Rule 11 Sanctions (Doc. 303) is denied.

IT IS SO ORDERED.

Dated:  June 16, 2009

       S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE