kaw

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RURAL WATER DISTRICT NO. 4,** ) <br> **DOUGLAS COUNTY, KANSAS** ) <br>   ) <br>   **Plaintiff,**   ) <br>   ) <br> vs.   ) <br>   ) <br> **CITY OF EUDORA, KANSAS,**   ) <br>   ) <br>   **Defendant.**   ) <br> _____) | Case No. 07-2463-JAR |

## MEMORANDUM AND ORDER

Plaintiff Rural Water District No. 4, Douglas County, Kansas ("Rural"), filed this Complaint under 42 U.S.C. § 1983, claiming that it is protected by 7 U.S.C. § 1926(b), which gives it the right to provide water service to its service area. Plaintiff claims that defendant City of Eudora ("City") violated § 1926 by annexing certain properties within its service area and proceeding to enforce the provisions of K.S.A. § 12-527, requiring the City to purchase Rural's assets. Rural seeks damages, a declaratory judgment, and an injunction. The City filed a counterclaim for tortious interference with a business advantage, fraud, abuse of process, and for declaratory relief, which was subsequently dismissed. A verdict was returned in favor of Rural, after which the Court instructed Rural to submit a proposed order of injunction.

Before the Court is Rural's Motion for Order of Injunction (Doc. 397). The City objects to Rural's proposed order, arguing that Rural has failed to meet the standards necessary for an injunction to issue and that the proposed order is not specific enough to place the City on notice. The following is the Court's findings which show that an Injunction is appropriate.

**Injunction**

For a preliminary injunction to issue, Rural must demonstrate: "'(1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest.'"[1] Currently, it is undisputed that Rural has succeeded on the merits of its case. The issues remaining for discussion are analyzed below.

*Irreparable Harm*

"To constitute irreparable harm, a injury must be certain, great, actual 'and not theoretical.'"[2] Irreparable harm is more than "merely serious or substantial" harm.[3] This requirement is met by a plaintiff demonstrating that there is a significant risk of harm that cannot be cured by monetary damages.[4] The party seeking the preliminary injunction bears the burden to show that "the injury complained of is of such imminence that there is a clear and present need for equitable relief."[5] Irreparable harm is the most important factor in obtaining a preliminary injunction.[6] "Loss of customers, loss of goodwill, and threats to a business' viability have been found to constitute irreparable harm."[7]

In this case, Rural provided ample evidence that it will suffer irreparable harm if an

---

[1] *Attorney Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 776 (10th Cir. 2009) (quoting *RoDa Drilling Co. v. Siegal,* 552 F.3d 1203, 1208 (10th Cir.2009)).

[2] *Heidman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir.1985)).

[3] *Id.* (quoting *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1235, 1250 (10th Cir. 2001)).

[4] *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1258 (10th Cir. 2003) (citations omitted).

[5] *Heidman*, 348 F.3d at 1189.

[6] *Hill's Pet Nutrition, Inc. v. Nutro Prod., Inc.*, 258 F. Supp. 2d, 1197, 1205 (D. Kan. 2003).

[7] *Id.*

injunction does not issue.  Rural presented evidence at trial that if the City is not prevented from violating Rural's rights under § 1926(b), Rural stands to lose some 4.9 million dollars in revenue reduced to present day value.  And although Rural is able to place a monetary figure on such damages, any continued violation of § 1926(b) would require a constant revision of that number and repeated motions to the courts to complain of the City's actions.  Finally, an injunction is the proper remedy in a § 1926(b) action because that section does not provide for a specific remedy.[8]

*Balance of Equities*

After determining the harm that would be suffered by the moving party if the injunction is not granted, the court must then weigh that harm against the harm to the defendant if the preliminary injunction is granted.[9]  In this case, the City can hardly complain about the harm it will suffer as the jury has already ruled that the City violated Rural's rights under § 1926(b).  Moreover, if an injunction is not issued, the harm suffered by Rural may continue to occur.  For instance, as Rural suggests, if an injunction is not issued it will be required to file renewed actions each time a violation of its rights under § 1926(b) occur.  A violation of this section occurs in a number of ways, through any competition, solicitation, or any other method of limiting or curtailing Rural's right under § 1926(b) to serve its protected area.

*Public Interest*

Finally, the proposed injunction will not harm the public interest, in fact it serves to protect the public.  According to the testimony revealed at trial, if Rural were required to turn

---

[8] *N. Alamo Water v. City of San Juan, Texas*, 90 F. 3d 910, 917 (5th Cir. 1996).

[9] *Preminger v. Principi*, 422 F.3d 815, 823 (9th Cir. 2005); *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997); *Manning v. Hunt*, 119 F.3d 254 (4th Cir. 1997); *Aluminum Workers Intern. Union, AFL-CIO, Local Union no. 215 v. Consol. Aluminum Corp.*, 696 F.2d 437, 444 (6th Cir. 1982).

over its property and facilities to the City, it would then have to raise the cost of its service to the customers left behind in its service area.  Furthermore, keeping the cost of service to the current customers low is one of the purposes of § 1926(b).  Thus, the public interest is served by the issuance of an injunction.

Finding that Rural has met all the factors described, the Court finds that an injunction preventing the City from any continued or new violation of Rural's rights under § 1926(b) is appropriate.

### Specificity of Injunction

Under Fed. R. Civ. P. 65(d), an injunction must be specific in its terms and must describe in reasonable detail the actions that it seeks to restrain.[10]  The City argues that the proposed order of injunction does not specify what acts the City is to refrain from and what acts constitute a violation of § 1926(b).

Under § 1926 (b),

> The service provided or made available through any such association shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body, or by the granting of any private franchise for similar service within such area during the term of such loan; nor shall the happening of any such event be the basis of requiring such association to secure any franchise, license, or permit as a condition to continuing to serve the area served by the association at the time of the occurrence of such event.

Here, the Court agrees that the proposed order is specific enough to meet the standards of Rule 65 and to protect Rural under § 1926(b).  Although Rule 65 requires specificity, it does not require excessive specificity, especially where such detail would, in effect, permit the City to

---

[10]*Vallario v. Vandehey*, 554 F.3d 1259, 1268 (10th Cir. 2009).

violate Rural's rights under § 1926(b) through additional actions not expressed but plainly covered.[11]  "[T]he specificity provisions of Rule 65(d) are no mere technical requirements. The Rule was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood."[12]  "A preliminary injunction is vague only when 'the delineation of the proscribed activity lacks particularity or when containing only an abstract conclusion of law, not an operative command capable of enforcement.'"[13]

The proposed order provides that the City is enjoined from engaging in "acts of competition," any act that would "dissuade or frustrate an existing water customer," any act that would "dissuade or frustrate a prospective customer from requesting water or obtaining water," and from "furnishing, providing or selling water for use/consumption within the four properties in controversy."

In this case, there are many acts that will serve as engaging in competition, but the relevant acts here are acts to solicit Rural customers, acts to dissuade Rural's customers, and acts to compel the sale of facilities or land by Rural based on state statute.  These were the issues presented at trial and these are the actions Rural seeks to enjoin.  The City can hardly argue that its is unfamiliar with the acts the jury found it took in dissuading Garber from obtaining water from Rural.  For instance, there was testimony that Garber did not obtain water from Rural because he was threatened with the consequence of not receiving any other service from the

---

[11] *Reliance Ins. v. Mast Constr. Co.*, 159 F.3d 1311, 1316-17 (10th Cir. 1998).

[12] *Id.* (quoting *Schmidt v. Lessasrd*, 414 U.S. 473, 476 (1974)).

[13] *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1244 (10th Cir. 2001) (quoting *CF&I Steel Corp. v. United Mine Workers of Am.*, 507 F.2d 170, 173 (10th Cir. 1974)).

City, services that were necessary to operate and sell homes in the proposed construction development.  Furthermore, there was evidence that Rural explained to Garber and other properties that Rural could not provide adequate fire protection and that the City would not provide other necessary services in an effort to dissuade Rural customers from seeking water service from Rural.  Therefore, the City is in fact aware of what actions Rural seeks to enjoin. Rule 65 does not require the impossible, but if the City has any question about whether it is forbidden from taking a specific action, it may seek a clarification or modification.[14]

Accordingly, the Court finds that an injunction should issue and that, with minor changes, the proposed order of injunction meets the requirements under rule 65.

**IT IS THEREFORE ORDERED THAT** Defendant's Objection to Plaintiff's Proposed Order of Injunction (Doc. 397 ) is overruled.

**IT IS SO ORDERED.**

Dated:  September 2, 2009

 S/ Julie A. Robinson
 JULIE A. ROBINSON
 UNITED STATES DISTRICT JUDGE

---

[14]*Id*. at 1243 (citation omitted).