kaw

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RURAL WATER DISTRICT NO. 4,<br>DOUGLAS COUNTY, KANSAS<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF EUDORA, KANSAS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 07-2463-JAR<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER GRANTING
## PERMANENT INJUNCTION

Plaintiff Rural Water District No. 4, Douglas County, Kansas ("Rural"), filed this action under 42 U.S.C. § 1983, claiming that it is protected under 7 U.S.C. § 1926(b), which gives it the right to provide water service to its service area. Rural claims that defendant City of Eudora ("City") violated § 1926 by annexing certain properties within its service area and proceeding to enforce the provisions of K.S.A. § 12-527, allowing the City to purchase Rural's assets. Rural seeks damages, a declaratory judgment, and an injunction. The City filed a counterclaim for tortious interference with a business advantage, fraud, abuse of process, and for declaratory relief.[1] Defendant's tort counterclaims have been dismissed without prejudice, pursuant to the defendant's motion.

Before the Court is plaintiff's prayer for equitable relief (injunction) following jury trial and declaratory judgment. The defendant has also sought declaratory relief by virtue of its counterclaim. A jury trial was commenced May 18, 2009 in this matter and concluded May 28,

---

[1]*Rural Water Dist. No. 4, Douglas County, Kan. v. City of Eudora, Kan.*, 604 F. Supp. 2d 1298, 1305 (D. Kan. 2009).

2009.  The verdict determined fact issues in the case, namely (1) whether the Plaintiff had the legal authority to cooperate with and enter into agreements with the Federal Government, (2) whether plaintiff had made water service available to each of the four properties in controversy, (3) whether the Defendant had curtailed and limited the water service provided or made available by the Plaintiff to the four properties, and (4) whether the plaintiff had suffered damages as a result of any limitation or curtailment.  The properties in controversy are generally referred to as the "Garber," "LMH," "LLC," and "Grinnell" properties.  (These properties are identified in Plaintiff's exhibits 108, 110A, 115A, 117A, and 119A admitted in evidence at trial).

Plaintiff prevailed on all issues presented to the jury, and damages were awarded as to each of the four properties.

The parties agree that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, venue is proper, and that the governing law that applies to the case is 7 U.S.C. § 1926(b), 28 U.S.C. §§ 2201-2202.[2]  The Court further determines that 42 U.S.C. § 1983 applies to this case.

The Court incorporates by reference herein the Memorandum and Order filed simultaneously with this Order of Judgment.  Based on the previous findings by the Court and the jury verdict, the Court finds that Rural is a quasi-municipal corporation under Kansas law and is protected by 7 U.S.C. § 1926(b), inasmuch as it is an "association" within the meaning of § 1926(b) with an outstanding debt guaranteed by the United States Department of Agriculture ("USDA").  Answers to special interrogatories submitted to the jury determined that Rural has indeed "provided or made service available" to the four properties in controversy, Garber, LMH,

---

[2]Pretrial Order, (Doc. 219 at 2)

LLC, and Grinnell. The jury found that the defendant had engaged in conduct that "curtailed or limited" Rural's water service which was provided or made available to the four properties, as defined by §1926(b). The jury awarded actual damages as to the Garber property in the sum of $23,500 and $1.00 nominal damages as to each of the remaining three (3) properties.

Section 1926(b) provides that "[t]he service provided or made available through any such association shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body." By enacting § 1926(b), Congress intended to protect rural water districts from competition to encourage rural water development and to provide greater security for and thereby increase the likelihood of repayment of USDA loans.[3] Section 1926(b) is broadly construed to protect rural water districts from competition with other water service providers.[4]

This case is governed by 42 U.S.C. § 1983.[5] Injunctive relief is an appropriate remedy in this case.[6] The Court determines that plaintiff is entitled to entry of an injunction, based on the facts as determined by the jury, namely that the defendant has violated 7 U.S.C. § 1926(b) by curtailing and limiting the service provided and made available to the four properties referenced above; therefore defendant must be enjoined and restrained from existing and further violations of § 1926(b). In determining the rights of the parties pursuant to the Declaratory Judgments Act,

---

[3]*See Sequoyah County Rural Water Dist. No. 7 v. Town of Muldrow,* 191 F.3d 1192, 1196 (10th Cir.1999).

[4]*Rural Water Dist. No. 1, Ellsworth County, Kan. v. City of Wilson, Kan.*, 243 F.3d 1263, 1269 (10th Cir. 2001).

[5]*Id.* at 1275.

[6]*N. Alamo Water Supply Corp. v. City of San Juan*, 90 F.3d 910, 917 (5th Cir. 1996) (noting that "[s]ection 1926(b) does not create or specify a remedy for the enforcement of violations, but an injunction has been the principal tool employed by the courts with which to enforce the statute and prevent violations")." *City of Wilson*, 243 F.3d at 1275.

3

the Court finds as follows:

1.      Plaintiff is a quasi-municipal corporation under Kansas law and is protected by 7 U.S.C § 1926(b) inasmuch as it is an "association" within the meaning of  § 1926(b) with an outstanding debt guaranteed by the USDA.  Plaintiff has indeed "provided or made service available" to the four properties referenced above and is therefore entitled to the protection of § 1926(b) with respect to said properties.

2.      Defendant has curtailed and limited the water service provided and made available to the four (4) properties in violation of § 1926(b).

3.      Plaintiff is entitled to an award of a reasonable amount attorneys fees under 42 U.S.C. § 1988.[7]

4.      Plaintiff is entitled to injunctive relief restraining the defendant from further violations of § 1926(b).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that the defendant is enjoined and restrained from:

A. Limiting or curtailing the water service provided or made available by the plaintiff to the four properties referenced above, Garber, LMH, LLC, and Grinnell;

B. Engaging in acts of competition with the plaintiff for water service provided or made available by the plaintiff to the four properties, Garber, LMH, LLC, and Grinnell, including:

1.  Engaging in any act that would serve to dissuade or frustrate an existing water customer of the plaintiff from continuing to receive water service from the plaintiff;

2. Engaging in any act that would serve to dissuade or frustrate a prospective

---

[7]*Id*. at 1275.

customer from requesting or obtaining water service from the plaintiff;

      3. Solicitation of plaintiff's customers;

      4. Acts to compel the sale of facilities or land by plaintiff based on state statute; and

      5. Furnishing, providing or selling water for use/consumption within the four properties in controversy.

IT IS FURTHER ORDERED that the operation, effect and enforcement of this Injunction is conditioned on the continued existence of the following: (1) plaintiff continues to provide water service or make water service available to the four properties within a reasonable time after a request for service has been made; and (2) the plaintiff continues to be indebted to USDA or on a loan guaranteed by USDA.

IT IS FURTHER ORDERED that the Court retains continuing jurisdiction to enforce and modify this Injunction.[8]

IT IS SO ORDERED.

Dated: September 2, 2009

                                S/ Julie A. Robinson
                                JULIE A. ROBINSON
                                UNITED STATES DISTRICT JUDGE

---

[8] *See, e.g.*, *Battle v. Anderson*, 708 F.2d 1523, 1539 (10th Cir. 1983).