lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RURAL WATER DISTRICT NO. 4, DOUGLAS COUNTY, KANSAS | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 07-2463-JAR |
| CITY OF EUDORA, KANSAS, | )<br>)<br>) |
| Defendant. | )<br>) |

## ORDER

Before the Court is defendant City of Eudora, Kansas's Motion for Judgment as a Matter of Law Under Rule 50(b) or in the Alternative For a New Trial Under Rule 59 (Doc. 449). On September 30, 2009, defendant filed a Notice of Appeal in this matter, which is pending.[1] Plaintiff filed a Notice of Cross-Appeal, which is also pending.[2] Although defendants indicated in a letter to the Court in January 2010 that there was a dispute over whether the order appealed from constituted a "final order,"[3] no motion or further action was brought before this Court on the issue, and the appeal continued before the Tenth Circuit, which has accepted jurisdiction.[4] "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case

---

[1] *Rural Water District No. 4, Douglas County, Kansas v. City of Eudora, Kansas*, Case No. 09-3282.

[2] Case No. 09-3299.

[3] (Doc. 409.)

[4] The briefs filed by the parties in the appeal and cross-appeal indicate that the appeal is from a final judgment and not taken on an interlocutory basis, and that the Tenth Circuit had jurisdiction to hear the appeal pursuant to 28 U.S.C. § 1291.

involved in the appeal."[5]  Accordingly, the Court lacks jurisdiction to entertain the instant motion.[6]

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion for Judgment as a Matter of Law Under Rule 50(b) or in the Alternative For a New Trial Under Rule 59 (Doc. 449) is dismissed without prejudice for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: September 13, 2010

        S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[5]*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 59 (1982) (per curiam); *see also United States v. Meyers*, 95 F.3d 1475, 1489 n.6 (10th Cir. 1996).  The district court retains authority, however, to decide certain collateral matters, such as a motion for attorney's fees, and the Court has denied plaintiff's motion for attorney's fees without prejudice to renew after the Tenth Circuit rules on the merits of the pending appeal (Doc. 446).

[6]In so ruling, the Court notes that the recent filings were likely precipitated by text orders entered to terminate motions that had previously been ruled on orally during trial or by written order, and terminating the case as of September 2, 2009, the date of the Order appealed from to the Tenth Circuit.  *See* Doc. 447.  These text entries were administrative in nature and entered to terminate motions showing as pending that had in fact been ruled upon by the Court.