IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| RURAL WATER DISTRICT NO. 4, <br> DOUGLAS COUNTY, KANSAS | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| vs. | ) <br> ) | Case No. 07-2463-JAR |
| CITY OF EUDORA, KANSAS, | ) <br> ) | |
| Defendant. | ) <br> ) | |

## MEMORANDUM AND ORDER DENYING
## MOTION TO DELAY ENTRY OF ORDER OF FINAL JUDGMENT

On July 1, 2013, the Tenth Circuit Court of Appeals entered its opinion in *Rural Water Dist. No. 4, Douglas County, Kansas v. City of Eudora, Kansas*.[1] The Tenth Circuit subsequently denied Douglas-4's request for panel rehearing and/or rehearing *en banc*, and the mandate issued on August 5, 2013.[2] In its order, the Tenth Circuit directed this Court to "enter summary judgment in Eudora's favor on the question of whether Douglas-4's USDA guarantee was 'necessary to carry out the purposes of its organization' and otherwise proceed in a manner consistent with this opinion."[3] On August 6, 2013, this Court requested that Eudora, as the prevailing party, submit a proposed order in accordance with the Tenth Circuit's mandate. In a series of emails with the Court, Eudora submitted a proposed order and Douglas-4 objected to

---

[1] 720 F.3d 1269 (10th Cir. 2013).

[2] Doc. 498.

[3] *Rural Water*, 720 F.3d at 1281.

that proposed order, leaving the Court to settle the journal entry per D. Kan. Rule 58.1.[4]

This matter is before the Court on Douglas-4's separate Motion to Delay Entry of Order of Final Judgment (Doc. 499). Douglas-4 seeks to delay entry of the order and judgment on remand on the grounds that its Board of Directors is presently considering a writ of certiorari to the United States Supreme Court. Douglas-4 has apparently filed its request with this Court in lieu of following established appellate procedure and seeking a stay of the mandate pending the filing of a petition for certiorari with the Tenth Circuit.[5] Fed. R. App. P. 41(d)(2) states that to obtain such a stay, a party "must show that the certiorari petition would present a substantial question and that there is good cause for a stay." Similarly, Tenth Circuit Rule 41.1(B) states that a party must show that "there is a substantial possibility that a petition for writ of certiorari would be granted." Even if it motions were properly before this Court, Douglas-4 does not set forth any of the requisite grounds for obtaining a stay of the mandate. Accordingly, Douglas-4's request is denied; after having reviewed the proposed order and objections thereto, the Court will enter judgment forthwith.

**IT IS THEREFORE ORDERED** that Douglas-4's Motion to Delay Entry of Order of Final Judgment (Doc. 499) is DENIED.

**IT IS SO ORDERED.**

**Dated: September 5, 2013**

                                           **S/ Julie A. Robinson**
                                           **JULIE A. ROBINSON**
                                           **UNITED STATES DISTRICT JUDGE**

---

[4]*See* D. Kan. Rule 58.1 (stating if the attorneys cannot agree as to the form of the journal entry, the court will settle the journal entry).

[5]To date, Douglas-4 has not filed a motion for stay of the mandate in Tenth Circuit appeal no. 12-3197.